PER CURIAM.
Appellant, Stacy Sarnoff, appeals from the trial court’s final judgment of paternity, child support, and timesharing. We affirm in all respects, except we reverse that part of the judgment requiring any increases in child support payments to be placed in a trust on behalf of the child and controlled by the father.
In the October 2004 paternity judgment, the court designated the mother the primary residential parent and the father the secondary residential parent, and both parents were awarded shared parental responsibility. The father was ordered to pay the mother $1,662 in monthly child support. The court also ordered the father’s accountant to determine any increases in child support should the father’s income in any year be greater so as to cause a percentage difference greater in child support. Moreover, the court required that the increases in child support “be placed in a trust in the name of the father on behalf of the child to be under the total supervision of the father on behalf of the child.” The father was awarded “total authority” over the trust, which was to be used primarily for the child’s education and medical needs “at the father’s discretion.”
The mother argues on appeal that the trial court’s decision to impose such a trust is error and contrary to the Supreme Court’s decision in Finley v. Scott, 707 So.2d 1112 (Fla.1998). We agree. Similar to this case, Finley involved a paternity action. The father filed a petition in the probate division of the circuit court for the appointment of a guardian of the property of his minor child. The trial court approved the father’s proposed guardian and declined to honor the preference of the mother in the appointment of the guardian because evidence • was presented that a large percentage of the minor’s funds were being used by the mother. The trial court also ordered the father to pay $2,000 in child support to the mother and an additional award of $3,000 per month in child support to the guardian of the property. The mother appealed the final judgment, arguing that the trial court had no authority to require any of the support payment to be paid into a guardianship trust. The Supreme Court disagreed, and concluded that the trial judge acted within his authority in ordering that a portion of the money not needed for the child’s immediate custodial maintenance, or “good fortune award,” be paid to the legally appointed guardian of the child’s property. The court reasoned that once the probate court determined a need for a guardianship of the property, then the trial court, in the support proceeding, could use the guardian to protect the portion of the child support payment that the trial court determined pursuant to section 61.30 was not needed for the child’s day-to-day custodial expenses.
However, the court made it clear that “only when the necessity for a legal guardianship has been proven and a legal guardian appointed by the probate court pursuant to chapter 744 can the trial court use a guardian to protect the minor’s assets.” The court further explained that “the trial court is not to order any portion of the child support paid into a trust unless a legal guardian has been appointed.”
Here, the trial court’s paternity judgment requires that increases in child support payments be paid into a trust under the father’s control and supervision. However, The court’s holding in Finley clearly requires that a legal guardian be appointed by the probate court before “any portion” of the child support is paid into a trust. Therefore, according to Finley, we conclude that the trial court abused its discretion by establishing a trust for child *393 support without first appointing a legal guardian.
Thus, we reverse that part of the paternity judgment requiring future increases in child support to be paid into a trust under the father’s control. We affirm the trial court’s judgment in all other respects.

Affirmed in Part, Reversed in Part.

GUNTHER, POLEN and MAY, JJ., concur.